# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4614 | **DATE** | 6/27/2013 |
| **CASE TITLE** | Jermaine Neal (#K-52497) vs. Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. The plaintiff is directed to: (1) either file a renewed, properly completed i.f.p. application or pay the $400.00 filing fee; and (2) submit an amended complaint (plus a judge's copy and service copies). Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The clerk is directed to provide the plaintiff with an i.f.p. application, an amended civil rights complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**                                  Docketing to mail notices.

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Cook County Sheriff, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement when the plaintiff was a pretrial detainee at the jail. More specifically, the plaintiff alleges that he spent twelve days in a "condemned" building that was dirty, lacked water, air conditioning, and electricity, and was pest-infested.

The plaintiff has completed an incomplete application for leave to proceed *in forma pauperis*. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is not certified, and he has failed to include a six-month statement of his prison trust fund account.

**(CONTINUED)**

|  | mjm |
|---|---|

If the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from December 24, through June 24, 2013]. In the alternative, the plaintiff may choose to pay the full statutory filing fee of $400.00.

In addition, the plaintiff must submit an amended complaint, as the document on file fails to state a claim of constitutional magnitude. This is one of many complaints filed by detainees who have been housed for short periods in "Division 3" at the Cook County Jail. There seems to be a myth circulating at the jail that inmates who are assigned to this unit are entitled to collect damages in federal court because the building is "abandoned" or "condemned." But these labels do not establish a constitutional claim.

Certainly, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520,535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Nevertheless, punishment in the constitutional sense requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

Here, the complaint fails to state a plausible claim that the plaintiff was subjected to conditions that deprived him of basic human needs. Even though the conditions described are unfortunate and unacceptable, the court discerns no viable constitutional claim. There is no indication that the plaintiff was denied food, clothing, shelter, or needed medical care, for example. While some of the conditions described could, in theory, rise to the level of a constitutional claim, the complaint lacks allegations that would make such a claim colorable. Particularly in light of the short-term nature of the plaintiff's stay in that unit (twelve days), the court questions whether the plaintiff has a tenable cause of action. The plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to (1) either pay the statutory filing fee or file a properly completed application to proceed *in forma pauperis*, and (2) submit an amended complaint on the court's required form, if he believes he can articulate a constitutional violation.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an
**(CONTINUED)**

extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an i.f.p. application, an amended civil rights complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with these directives within thirty days, the court will deny leave to proceed *in forma pauperis* and dismiss this case in its entirety.